■ CHARLES B. SMITH, Appellant, v JOHN BUONO, as County Executive of the County of Rensselaer, et al., Respondents.— Mercure, J. Appeal from an order of the Supreme Court (Travers, J.), entered April 9, 1991 in Rensselaer County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

The facts are not in dispute. In November 1989, defendant

John Buono was elected to his second term as Rensselaer County Executive, effective January 1, 1990. On January 9, 1990, defendant Rensselaer County Legislature adopted resolution No. G/16/90 which, *inter alia,* increased the annual salary of the County Executive from $74,000 to $78,000. Plaintiff commenced this action challenging the $4,000 increase, claiming that the raise was unlawful because it was effected during Buono's term of office by simple resolution and not by local law subject to referendum on petition. After issue was joined, defendants moved and plaintiff cross-moved for summary judgment. Supreme Court granted defendants' motion and denied plaintiff's cross motion. Plaintiff now appeals.

We reverse. Clearly, the salary of a county executive may be increased during his or her term of office only by a local law subject to referendum on petition *(see,* County Law § 201; Municipal Home Rule Law § 24 [2] [h]). We reject the contention that Rensselaer County, which has adopted an alternative form of government in accordance with NY Constitution, article IX, §§ 1 and 2, is exempt from the operation of County Law § 201 by virtue of the provisions of County Law § 2 (b). Even accepting for the sake of argument that County Law § 2 (b) applies in this case because of the powers granted to the County Legislature pursuant to section 2.07 (8) of the Rensselaer County Charter,* there is nonetheless no authority for increasing the salary of a county executive during his or her term by mere resolution. Further, defendants have overlooked Alternative County Government Law § 151, clearly applicable to Rensselaer County *(see,* Alternative County Government Law § 2), which provides that the compensation of a county executive shall be fixed "in accordance with the provisions of the county law", thereby effectively negating the claimed exemption of County Law § 2 (b). Accordingly, Supreme Court erred in dismissing plaintiff's complaint and, instead, should have granted plaintiff's cross motion for summary judgment.

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted and summary judgment awarded to plaintiff.

---

* Section 2.07 (8) of the Rensselaer County Charter empowers the County Legislature to "fix the compensation of all officers and employees paid from County Funds, except that the compensation of any official whose salary is governed by State Law for the term of his office, shall not be increased or decreased during the term of office except as permitted by State Law".